SCHENCK (POTTER v.). See Case No. 11,-337.

SCHENECTADY & TROY R. CO. (WINANS v.). See Case No. 17,865.

## Case No. 12,452.

### In re SCHEPELER et al.

[3 Ben. 346; 1 3 N. B. R. 170 (Quarto, 42).]

District Court, S. D. New York. July, 1869.

BANKRUPTCY—NOTICE TO CREDITORS—NEW WARRANT.

Where, on the return day of a warrant in involuntary bankruptcy, proof was made of the publication of notices to the creditors, but not of the service of such notices, and the bankrupts showed that they had not been able to prepare schedules, and asked for further time, which no one opposed, whereupon the register certified the facts to the court, and asked that a new warrant be issued: *Held*, that the register should have adjourned the meeting of creditors, under sections 42 and 12 of the bankruptcy act [of 1867 (14 Stat. 537, 522)], and directed a new notice to be served; but, as he had not done so, the proceedings had fallen through, and there must be a new warrant.

[Cited in Re Howes, Case No. 6,787.]

In this case, a warrant was issued, returnable July 20th, 1869, and was on that day returned, with proof of due publication of the notices required, but without any proof of service of notices, and the bankrupts [John F. Schepeler, John D. Schepeler, and Leon Rosenplaenter] appeared, and showed by affidavit that they had been unable to prepare the schedules, and moved for further time to prepare them, which no one opposed, whereupon the register certified the facts to the judge, and asked that a new warrant should be issued, returnable at a later day.

By EDGAR KETCHUM, Register:

[I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit Mr. John W. Weed, who appeared for the bankrupt, and Mr. Edgar Lo-

gan, who appeared for the creditors of the said bankrupt, that is to say: The warrant was issued by the district judge, dated the 29th day of June, 1869, returnable the 20th day of July, at 12 o'clock, at noon, and was duly returned by the marshal with proof of due publication of the notices required thereby, but without any proof of notice served by mail or personally as therein required. On the return day, at the hour prescribed, the said attorneys appeared, and the attorney for the bankrupt made and filed an affidavit, showing that from the large number of creditors, and the necessary adjustment of numerous and difficult accounts between said bankrupts and creditors, home and foreign, they had been unable to prepare said schedules, and thereon he moved for further time, no one opposing the allowance thereof. Wherefore I respectfully certify these facts to the judge, and ask that a new warrant may be issued by the court, to be returnable in the early part of October next.]2

BLATCHFORD, District Judge. The proper course, in this case, was for the register, under sections 42 and 12, to adjourn the meeting of creditors to a day certain, on the ground that the notice to the creditors had not been given as required in the warrant, and to direct the giving, for the adjourned day, of a new notice, in respect of the serving by mail or personally, but not in respect of the publication; but, as there has been no adjournment, the proceedings have fallen through, and there must be a new warrant.

[For a subsequent proceeding in this litigation, see Case No. 12,453.]